[No. 1567.]

GUS SIMON, ET AL., RESPONDENTS, v. WILLIAM
MATSON, ET AL., APPELLANTS.

PRACTICE ON APPEAL—NOTICE OF APPEAL—SERVICE BY MAIL—WHEN
COMPLETE. Under civil practice act, secs. 497, 498, authorizing serv-
ice of notices and other papers by mail by deposit in the postoffice
and extending the time of such service one day for each twenty-
five miles distance, service of a notice of appeal is completed on its
deposit in the postoffice, since the extension of time provided does
not apply to a notice of appeal for which no such time to enable
action to be taken thereon is necessary.

IDEM—VERDICT NOT SUPPORTED BY EVIDENCE. Where, to recover for ore,
it was necessary to prove that it was taken from a certain mine,
and the only witness on such point, on being recalled, and shown a
diagram of an adjacent mine, testified that it was taken from such
adjacent mine, a verdict for the plaintiff was contrary to the evi-
dence, and a judgment based thereon must be reversed.

APPEAL from the Fourth Judicial District Court, White
Pine County; *G. F. Talbot*, Judge.

Action by Gus Simon, and others, against William Matson,
and others. From a judgment in favor of plaintiffs, defend-
ants appeal. Reversed.

The facts sufficiently appear in the opinion.

*F. X. Murphy* and *E. S. Farrington*, for Appellants:

I. The appeal was properly perfected. The notice of
appeal was filed December 13, 1898. Thereafter, and on the
same day, the notice was served by depositing a copy thereof
in the postoffice at Ely addressed to respondents' attorney at
Reno. On the same day an undertaking on appeal and stay
of execution was filed. The distance from Ely to Reno is
more than four hundred miles. A letter deposited so as to be
carried on the train from Eureka to Palisade would reach
Reno late in the evening of the day following the day of its
departure from Ely. Gen. Stats., sec. 3353: "The appeal
shall be made by filing with the clerk of the court, with whom
the judgment or order appealed from is entered, a notice,
stating the appeal from the same, or some specific part
thereof, and serving a copy of the notice upon the adverse
party or his attorney." Gen. Stats., sec. 3363: "To render
an appeal effectual for any purpose, in any case, a written
undertaking shall be executed, * * *. Such an under-

taking shall be filed * * * within five days after the notice of appeal is filed."

II. The respondents contend that the undertaking cannot be filed until after the notice of appeal has not only been filed but served, and that, inasmuch as the service was by mail, the service was not finally made upon respondents' attorney until eighteen days from the time of deposit. If it be conceded that the undertaking cannot be filed until after the notice has not only been filed but served, the only question is as to when the notice by mail is served. Is it served when deposited in the postoffice, or is it served at the expiration of a time which is computed at the rate of one day for each twenty-five miles of the distance between the point of deposit and the residence of the person who is to be served? If the latter, then service by mail is out of the question in all cases where the distance is over 125 miles, and service upon the county clerk is also impossible, because the statute says that the service is not complete until ten days after filing the notice with the clerk. The statutes (1893, p. 88) provide that in case a new trial is demanded the affidavits or statement shall be filed and served on the same day. If respondents' view of the land is correct, a new trial in many cases is an absolute impossibility. If the party to be served resides at the opposite end of the state, actual service on the same day is a physical impossibility. Service by mail, according to counsel, would be impossible, because the time of service must be increased one day for each twenty-five miles between the place of deposit and the residence of the party to be served. Service on the clerk would be impossible, because such service is not complete until ten days have elapsed. Such results show that the construction of the law contended for by counsel is not only unreasonable but impossible. (*Reese M. Co.* v. *Rye Patch Co.*, 15 Nev. 343; *Lyon Co.* v. *Washoe Co.*, 8 Nev. 177; *Johnson* v. *Badger Co.*, 12 Nev. 261; 4 Watts, Practice, p. 622; 22 Enc. Law, 160.)

III. When the notice was deposited in the postoffice, properly directed and the postage prepaid, the service was complete. In proving service it was not necessary to show that the notice had been received by the person to whom it was addressed. The service by mail was complete, even though

the notice might be destroyed or lost by the postal clerks. Section 3515, Gen. Stats., provides that written notice of motion shall be given five days before the time for hearing. Section 3520 provides that in case of service by mail the time of service shall be increased one day for every twenty-five miles, etc. This simply means that the time, within which the party addressed must act or appear, shall be increased one day for every twenty-five miles.

*Thomas Wren,* for Respondents:

I. Where service is made by mail the time of service is increased one day for each twenty-five miles between the place of deposit and the place of residence of the attorney upon whom it is to be served. Under this provision of the statute it was eighteen days from the time of the deposit until service was finally made on counsel for respondent. The same section of the statute provides that service may be made by filing the notice in the clerk's office and that service shall be complete when ten days have elapsed.

II. The methods of taking appeals are matters of purely statutory regulation. (*Burbank* v. *Rivers*, 20 Nev. 81.) The undertaking on appeal must be filed after the notice of appeal has been served, or the appeal will be dismissed. (*Johnson* v. *Badger Co.*, 12 Nev. 261; *Reese M. Co.* v. *Rye Patch M. Co.*, 15 Nev. 341.) Both undertakings in this case were filed before a copy of the notice of appeal had been served on the attorney for respondent. The question naturally suggests itself, in construing the above provisions of the statute, that to hold that the notice of appeal is not served until the time elapses fixed by statute would be to subject an attorney serving a notice upon an opposing attorney not residing at the county seat to inconvenience. This is true, but only to a very limited extent. Usually an attorney upon whom notice is to be served will acknowledge the service as of any day desired, or, the attorney desiring to serve notice, if there is a refusal to stipulate, or otherwise, the notice could be placed in the hands of some one, an officer or another attorney, to be served according to directions. Upon the other hand, to hold that there has been a sufficient service as soon as the copy of notice is deposited in the postoffice, or

filed with the clerk, would result in depriving the respondent of a substantial right. Upon the filing of the notice of appeal in the clerk's office, and the service of a copy on the adverse attorney, the appellant may file his undertaking on appeal, or he may wait five days before filing it. After filing his undertaking the respondent has five days within which to except to the sufficiency of the sureties. Taking this case as an illustration of the result of the latter construction, and it is apparent at once, to give the statute the latter construction, that respondent was cut off from a substantial right. Under no circumstances could respondent have had any actual notice that an appeal had been taken by filing the notice in the clerk's office, mailing a copy, when either undertaking was filed, and he had no opportunity to except to the sufficiency of the sureties. (Gen. Stats. 3370.)

III. The supreme court of this state, so far as I have been able to ascertain, has never had this point directly before it for decision, although in one case, where it was not necessary to construe the statute, they have intimated that if a notice had been served at all it was served at the time a copy of the notice was deposited in the postoffice, but it was not necessary to argue the question, and it was not argued by counsel, and it was not necessary in deciding the case to construe the law in respect to service by mail. (*Lyon Co.* v. *Washoe Co.*, 8 Nev. 177.)

By the Court, BELKNAP, J.:

Respondents move to dismiss the appeal for the reason that the undertaking on appeal was filed before the copy of the notice of appeal was served. The action was tried at Ely, in White Pine county. One of the attorneys of appellants resides at that place. The attorney for respondents resides at Reno, in Washoe county. The distance from Ely to Reno is upward of 400 miles. There is a regular mail communication between the places. The attorney for appellants filed the notice of appeal December 13, 1898, and mailed a copy, postage paid, at Ely, on the same day, addressed to the respondents' attorney at Reno. There is no contention as to the facts.

The question is: At what time did the service take place?

The provisions of the civil practice act applicable, are as follows:

"Sec. 497.   Service by mail may be made, when the person making the service and the person upon whom it is to be made, reside at different places, between which there is a regular communication by mail.

"Sec. 498.   In case of service by mail, the notice or other paper shall be deposited in the postoffice, addressed to the person upon whom it is to be served, at his place of residence, and the postage paid.   And in such case the time of service shall be increased one day for every twenty-five miles distance between the place of deposit and place of address."

(Sections 3592, 3593, Comp. Laws.)

Appellants claim that the notice was served by depositing a copy in the postoffice.   Respondents contend that, as the service was by mail, it was not complete until eighteen days from the time of the deposit, as the statute increases the time of service one day for each twenty-five miles of the distance between the place of deposit and place of address.   If respondents' contention is the law, the notice of appeal was not served until after the filing of the undertaking upon appeal, and the appeal should be dismissed.   When the deposit is made in the postoffice under the provisions above set forth, nothing further is required, and the service is complete.

The purpose of the statute in extending the time of the service one day for every twenty-five miles between the place of deposit and the place of address is to give the party receiving the notice or other paper time to act upon it if action is required.   No time is required for action upon a notice of appeal by the notice, and the statute does not contemplate such a case.

The motion is denied.

Numerous specifications of error are made.   In the view that we have taken it will only be necessary to consider the question whether the verdict of the jury is contrary to the evidence.

It appears that the Comanche mining claim was located in the year 1878; that some time thereafter the Homestake mining claim was located.   The claims run in a northerly and southerly direction.   Between them was an unappropri-

ated piece of mining ground about 300 feet in width at its southerly end, running to a point at the north, caused by the convergence of the west line of the Homestake, and the east side line of the Comanche. This piece of ground, apparently triangular in shape, was located by the plaintiffs as the Last Chance mining claim. They claimed that the thirty-two tons of ore in controversy were taken out of this ground.

It is admitted that, to have entitled them to the verdict, it was incumbent upon them to have established the fact by the testimony. Mr. Roberts, one of the plaintiffs, was the only witness who testified in their behalf in this respect. In his testimony in chief he said that the ore was taken out of the Last.Chance mine in the year 1897, but, upon being recalled, and shown the diagram of Comanche mine as surveyed by Mr. Pardy, October 11, 1893, testified that "the ore in dispute was taken from that part of the ground which is represented on this map by the word 'ore' written in pencil, just west of the east side line" (of the Comanche).

Considering the testimony as a whole, it was contrary to the verdict rendered, and the judgment must be reversed, and cause remanded for a new trial.

It is so ordered.